334

[925 NYS2d 336]

In the Matter of GEORGE O. GULDI (Admitted as GEORGE O'CONNOR GULDI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 14, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On November 17, 2009, the Suffolk County District Attorney indicted the respondent on one count of grand larceny in the

second degree, a class C felony, in violation of Penal Law § 155.40, one count of forgery in the second degree, a class D felony, in violation of Penal Law § 170.10 (2), one count of criminal possession of a forged instrument in the second degree, a class D felony, in violation of Penal Law § 170.25, and one count of insurance fraud in the third degree, a class D felony, in violation of Penal Law § 176.20.

On February 16, 2011, in the County Court, Suffolk County (Doyle, J.), the respondent was convicted, after trial, of grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40, and insurance fraud in the third degree, a class D felony, in violation of Penal Law § 176.20.

The respondent's conviction emanated from his theft of money paid by his insurance carrier, to be held in escrow, for the reconstruction of his Westhampton Beach home after it was destroyed by fire in 2008. Countrywide Home Loans, the lender holding the mortgage on the respondent's home, never received or endorsed the check issued by the insurance company for reconstruction of the house.

On March 21, 2011, the respondent was sentenced to a prison term of 3 to 6 years on the conviction of grand larceny in the second degree and a prison term of 1 to 3 years on the conviction of insurance fraud in the third degree, and directed to pay the sum of $863,473 as restitution.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony conviction. The respondent has neither opposed the Grievance Committee's motion nor submitted any papers in response.

By virtue of his felony conviction, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a), and was automatically disbarred on February 16, 2011. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, effective February 16, 2011, and the respondent's name is stricken from the roll of attorneys based on his disbarment.

MASTRO, J.P., RIVERA, SKELOS, DILLON and LEVENTHAL, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, George O. Guldi, admitted as George O'Connor Guldi,

is disbarred, effective February 16, 2011, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, George O. Guldi, admitted as George O'Connor Guldi, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, George O. Guldi, admitted as George O'Connor Guldi, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, George O. Guldi, admitted as George O'Connor Guldi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).